UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVNIA
ALLENTOWN DIVISION

ROBERT HICKS,

    Plaintiff,

vs.

PERSON DIRECTED SUPPORTS, INC,
KENNETH A. GIBAT, Individually,
KENNETH L. GIBAT JR., Individually,
PAMELA GIBAT, Individually,

    Defendants.
_____/

CASE NO.:

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ROBERT HICKS ("HICKS"), and, by and through undersigned counsel, file this Complaint against Defendants PERSON DIRECTED SUPPORTS, INC, ("PDS"); KENNETH A. GIBAT, Individually; KENNETH L. GIBAT, Jr. Individually; and PAMELA GIBAT (collectively "Defendants"), to recover from Defendants overtime pay as required by the Fair Labor Standards Act ("FLSA"), and the Pennsylvania Minimum Wage Act ("PMWA"), and state as follows:

## JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act ("FLSA"), as amended 29 U.S.C. §201, et seq., to

obtain a judgment against Defendants as to liability, recover unpaid back wages, an additional equal amount as liquidated damages, and reasonable attorneys' fees and costs.

2. The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. §1331, as Plaintiff's claims arise under 29 U.S.C. §216(b).

3. This Court has supplemental jurisdiction over Plaintiff's state law claims because they arise out of the same circumstances and are based upon a common nucleus of operative fact.

4. Venue in this Court is proper, as the acts and omissions alleged in this Complaint took place in this judicial district, and Defendants regularly conduct business in this judicial district.

## PARTIES

5. At all times material hereto, Plaintiff HICKS was, and continues to be, a resident of Lehigh County, Pennsylvania.

6. Plaintiff worked, and continues to work, for PDS in Lehigh County, Pennsylvania.

7. At all times material hereto, PDS was, and continues to be, a Pennsylvania Non-Profit Corporation engaged in business in Lehigh County, Pennsylvania

8. Based on the information and belief, at all times material hereto,

Defendant KENNETH A GIBAT is a resident of Bethlehem County, Pennsylvania.

9. At all times material hereto, KENNETH A. GIBAT owned and operated PDS.

10. At all times material hereto, KENNETH A. GIBAT was the CEO of PDS and regularly held and exercised the authority to: (a) hire and fire employees of PDS; (b) determine the work schedules for the employees of PDS; and (c) control the finances and operations of PDS.

11. By virtue of having regularly held and exercised the authority to: (a) hire and fire employees of PDS; (b) determine the work schedules for the employees of PDS; and (c) control the finances and operations of PDS, KENNETH A. GIBAT is an employer as defined by 29 U.S.C. 201 *et. seq*.

12. Further, at all times material hereto, KENNETH A. GIBAT was a manager for PDS, acting in PDS'S interest in directing the work of Plaintiff.

13. Upon information and belief, at all times material hereto, KENNETH L. GIBAT JR. was a resident of Breinigsville County, Pennsylvania.

14. At all times material hereto, KENNETH L. GIBAT JR. was the Chief Operating Officer of PDS.

15. At all times material hereto, KENNETH L. GIBAT JR. regularly held and exercised the authority to: (a) hire and fire employees of PDS; (b) determine the work schedules for the employees of PDS; and (c) control the finances and

operations of PDS.

16. By virtue of having regularly held and exercised the authority to: (a) hire and fire employees of PDS; (b) determine the work schedules for the employees of PDS; and (c) control the finances and operations of PDS, KENNETH L. GIBAT JR. is an employer as defined by 29 U.S.C. 201 *et. seq.*

17. Upon information and belief, KENNETH L. GIBAT JR. handled various aspects of running the day- to- day functions of Defendants' business, including but not limited, handling office functions.

18. Upon information and belief, at all times material hereto, PAMELA GIBAT was a resident of Bethlehem County, Pennsylvania.

19. At all times material hereto, PAMELA GIBAT was the Vice President of Operations of PDS regularly held and exercised the authority to: (a) hire and fire employees of PDS; (b) determine the work schedules for the employees of PDS; and (c) control the finances and operations of PDS.

20. By virtue of having regularly held and exercised the authority to: (a) hire and fire employees of PDS; (b) determine the work schedules for the employees of PDS; and (c) control the finances and operations of PDS, PAMELA GIBAT is an employer as defined by 29 U.S.C. 201 *et. seq.*

21. Upon information and belief, PAMELA GIBAT handled various aspects of running the day-to-day functions of Defendants' business, including but not limited, handling office functions.

22. At all times material hereto, Plaintiff is an "employee" of Defendants within the meaning of FLSA.

23. At all times material hereto, Defendants were "employers" within the meaning of FLSA.

24. At all times material hereto, PDS was, and continues to be, "an enterprise engaged in commerce," and an enterprise engaged in the "handling, selling, or otherwise working on goods and materials that have been moved in or produced for commence by any person" within the meaning of the FLSA.

25. Based upon information and belief, the annual gross revenue of PDS was in excess of $500,000.00 per annum during the three years preceding the date this Complaint is filed.

26. At all times material hereto, Defendant PDS had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as company vehicles, computers and telephones.

27. At all times material hereto, the work performed by Plaintiff was directly essential to Defendants business.

## STATEMENT OF FACTS

28. PDS is an assisted support services company, which operates in Pennsylvania. They assist individuals with disabilities in daily functions.

29. PDS is owned and operated by KENNETH A. GIBAT.

30. Upon information and belief, PDS is operated by PAMELA GIBAT.

31. PDS is managed and operated by KENNETH L. GIBAT JR.

32. KENNETH L. GIBAT JR. was, at all times relevant to this action, Plaintiff's supervisor.

33. In January 2013, Defendants hired Plaintiff HICKS as a non-exempt direct support staff member.

34. Currently, HICKS is employed as a non-exempt Assistant Director in Defendants' business.

35. At various material times hereto, Plaintiff worked for Defendants in excess of forty (40) hours within a workweek.

36. Despite working numerous overtime hours for Defendants, Plaintiff was not paid an overtime premium for all of his overtime hours.

37. Plaintiff was required to work on-call. Plaintiff was not properly compensated for significant hours worked while on-call, including time spent on Plaintiff's company phone.

38. Plaintiff was also not compensated for all other work he performed

while he was not clocked in, despite specifically making Defendants aware of the time worked, and requesting adjustments to his time.

39. Furthermore, Plaintiff was required to drive as part of his job. Defendants did not properly reimburse Plaintiff for mileage it knew Plaintiff had driven in his personal vehicle. In weeks in which this occurred in which Plaintiff worked overtime hours, this failure to reimburse Plaintiff for personal vehicle expense incurred on behalf of the Company resulted in an improper "kickback" to the Company, wherein Plaintiff did not receive his overtime compensation "free and clear" as required by the FLSA.

40. Upon information and belief, the majority of Plaintiffs' pay and time records, including, but not limited to, Company telephone records which will reflect hours worked but not compensated, are in the possession of Defendants.

41. Defendants have violated Title 29 U.S.C. §207 and the PMWA during the term of Plaintiff's employment, in that:

    a. Plaintiff, worked in excess of forty (40) hours per week during his employment with Defendants;

    b. No payments or provisions for payment have been made by Defendants to properly compensate Plaintiff, at the statutory rate of one and one-half times his regular rate for all hours worked in excess of forty (40) hours per workweek, as provided

by the FLSA and the PMWA;

c. No proper reimbursement for mileage has been made to Plaintiff for vehicle expenses incurred for Defendants' benefit in weeks in which Plaintiff worked overtime; and

d. By failing to documents Plaintiff's on-call hours worked, and failing to make adjustments to time Plaintiff requested, even when they knew or with reasonable diligence should have known that these hours were worked and not paid, Defendants failed to keep accurate time records as required by the FLSA and PMWA.

42. Defendants' failure and/or refusal to properly compensate Plaintiff, at the rates and amounts required by the FLSA was willful, because Defendants knew, or should have known with reasonable diligence, that they were required to pay overtime for all hours over forty, including on-call hours worked.

43. Defendants failed and/or refused to properly disclose or apprise Plaintiffs of their rights under the FLSA.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION UNDER THE FLSA

44. Plaintiff re-alleges paragraphs 1 through 43 of the Complaint, as if fully set forth herein.

45. Throughout his employment, Plaintiff worked in excess of forty (40)

hours in many workweeks.

46. Plaintiff was not compensated at the statutory rate of one and one-half times his regular rate of pay for all hours in excess of forty (40) worked in each workweek.

47. Plaintiff was, and is, entitled to be paid at the statutory rate of one and one-half times his regular rate of pay for those hours worked in excess of forty (40) hours in a workweek.

48. Plaintiff is owed compensation for vehicle expenses incurred during weeks in which he worked overtime, as failure to compensate Plaintiff for this mileage results in an improper and unlawful kickback to Defendants, and denied Plaintiff his right to receive overtime premiums "free and clear."

49. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by their failure to compensate Plaintiff at the statutory rate of one and one-half times his regular rate of pay for all hours worked in excess of forty (40) hours per week, and their failure to compensate Plaintiff for mileage used in overtime weeks when they knew, or reasonably should have known, that such was, and is, due.

50. Defendants failed to properly disclose or apprise Plaintiff, of his rights under the FLSA.

51. Due to the intentional, willful, and unlawful acts of Defendants,

Plaintiff suffered and continue to suffer damages and lost compensation for time worked over forty (40) hours in multiple workweeks, plus liquidated damages.

52. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II
## RECOVERY OF OVERTIME COMPENSATION UNDER THE PMWA

53. Plaintiff re-alleges and reavers paragraphs 1 through 43 of the Complaint, as if fully set forth herein.

54. At all times relevant hereto, Plaintiff, was an "employee" within the meaning of the PMWA.

55. The conduct alleged violates the PMWA (43 Pa. Stat. Ann. § 333.104(c)).

56. At all relevant times, Defendants were subject to the requirements of the PMWA.

57. The PMWA requires that employees be paid at a rate not less than one and one-half times the regular rate of pay for hours worked in excess of forty (40) hours in any one week. Plaintiff is entitled to overtime pay under the PMWA.

58. Defendants also failed to keep records required by 34 Pa. Code § 231.31.

59. Plaintiff also seeks to recover attorneys' fees, costs, and expenses of this action under the PMWA.

WHEREFORE, Plaintiff requests a judgment entered in his favor and against Defendants for actual and liquidated damages, as well as costs, expenses and attorneys' fees and such other relied deemed proper by this Court.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable as a matter of right.

Respectfully submitted this 23rd day of January, 2020.

*[signature]*

Angeli Murthy, Esq.
PA Bar No.: 93699
MORGAN & MORGAN, P.A.
8151 Peters Rd., Suite 4000
Plantation, FL 33324
Phone: (954) 327-5369
Fax:    (954)-327-3016
E-mail: amurthy@forthepeople.com
*Trial Counsel for Plaintiff*